1

2

3

4

5

6

7

8                **UNITED STATES DISTRICT COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10

11   JACQUELINE DOMNITZ, PAMELA          | **Lead Case No. CV-09-05305 MMC**
     TADDEI, AND IMELDA KANTERE, on       | **Consolidated with**
12   behalf of themselves, all others similarly | **Case No. CV-10-04539 MMC**
     situated, and the general public,
13                                        | CLASS ACTION
           Plaintiffs,
14                                        | [Assigned for all purposes to the Hon. Maxine
           v.                             | Chesney]
15
     WAREHOUSE DEMO SERVICES, INC.,       | [PROPOSED] **FINAL ORDER AND**
16   a Washington Corporation; and DOES 1 | **JUDGMENT**
     through 10, inclusive,
17
18
           Defendants.
19

20

21

22

23

24

25

26

27

28

**FINAL ORDER AND JUDGMENT**

A.      On August 30, 2010, the Parties to this class action reached a tentative Settlement.  Subsequently, the Parties submitted a detailed written Stipulation of Settlement and Release as well as an Addendum to Stipulation of Settlement and Release.  Docket No. 42-2.  On April 1, 2011, the Court preliminarily approved the proposed Settlement.  The Court directed the Parties to provide notice of the proposed Settlement to the potential Class Members and scheduled a further hearing to determine whether the proposed Settlement and request for Attorneys' Fees and Litigation Costs are fair, reasonable, and adequate.

B.      On August 26, 2011, the Court held the Final Settlement Hearing to determine: (i) whether the Action should be finally certified as a class action solely and exclusively for settlement purposes; (ii) whether the proposed Settlement should be given final approval as fair, reasonable and adequate as required by Federal Rule of Civil Procedure 23(e)(2) and in the best interests of each of the Parties and the Class Members; (iii) whether a final judgment should be entered as required by the Settlement and Exhibit E thereto; (iv) whether the Class Members should be bound by the release of claims set forth in the Stipulation; (v) whether Class Representative Enhancement Awards should be made to Plaintiffs as set forth in Part III.I. of the Settlement; (vi) the amount of Class Counsel's award of Attorneys' Fees not to exceed 25% of $3.3 million (e.g., $825,000) and Litigation Costs of $75,000; and (vii) any other matter that may be relevant to the Settlement.  Joseph Clapp, Esq., specially appeared for Plaintiffs Domnitz, Taddei, and Kantere and the Class.  Alec Segarich, Esq., appeared for Plaintiffs Domnitz, Taddei, and Kantere and the Class.  Gene Stonebarger, Esq., of Stonebarger Law, A.P.C. appeared for Plaintiff Martin and the Class.  JoAnna Brooks of Jackson Lewis, LLP appeared for WDS.

C.      On November 4, 2011, the Court granted Class Counsel's motion to withdraw as counsel for Plaintiff Jacqueline Domnitz.  On November 15, 2011, the Court held a further evidentiary hearing on issues raised by Plaintiff Jacqueline Domnitz.  The Court ruled as follows: Plaintiff Domnitz's request to remove Michael Hoffman as Class Counsel is denied.  Plaintiff Domnitz cannot serve as a class representative without counsel; Plaintiff Domnitz

1

1    agrees to withdraw as a class representative, but will receive an Enhancement Award.

2        D.      As set forth in Exhibits to the Parties' Joint Status Conference Statement filed

3    with the Court on September 23, 2011, Defendant mailed notices to the appropriate state

4    official of each State in which a class member resides and the appropriate Federal official in

5    accordance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. section 1715.  On

6    September 2, 2011 Defendant mailed CAFA notices to the United States Attorney General and

7    California Attorney General, PAGA Coordinator.  On September 6, 2011 Defendant mailed

8    CAFA notices to 44 other State officials.

9        E.      After reviewing the pleadings and evidence filed in support of the request for

10   final approval of the Settlement and the requests for awards of Attorneys' Fees and Litigation

11   Costs, and Enhancement Awards, and hearing the attorneys for the Parties, the Court finds, and

12              IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

13       1.      The Court has personal jurisdiction over all Class Members and WDS, and the

14   Court has subject matter jurisdiction to approve the Settlement (including all Exhibits thereto).

15       2.      The Settlement, including the definitions applicable to the Settlement, is

16   incorporated by reference into this Final Judgment.

17       3.      The Court finds that the Settlement was reached after arm's-length negotiations

18   between the Parties, including a full-day mediation session before an impartial, respected and

19   experienced mediator; the proposed Settlement was concluded only after counsel for the Parties

20   had conducted adequate discovery and investigation; and the settlement of the Lawsuits,  as

21   embodied in the terms of the Settlement, is approved as fair, reasonable, adequate and

22   consistent and in compliance with all applicable requirements of the Federal Rules of Civil

23   Procedure, the California and United States Constitutions (including the due process clauses),

24   Northern District Local Rules and any other applicable law, and in the best interests of the

25   Parties and the Class Members.

26   ///

27   ///

28   ///

[PROPOSED] FINAL ORDER AND JUDGMENT                    CASE NO. CV-09-05305 MMC

4.    Solely for the purpose of settlement and pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the Court finally certifies the following Class:

> All non-exempt hourly employees of Warehouse Demo Services, Inc. who worked as Product Demonstrators in California at any time during the Class Period, including any Product Demonstrators assigned to work as Breakers, Leads, Helpers or Merchandisers.

5.    The above class is certified for settlement purposes only, and the certification should not be construed as an admission by WDS with respect to any of the requirements of Federal Rule of Civil Procedure 23 or the allegations made against it in the Lawsuits by or on behalf of the members of the Settlement Class.

6.    The Court appoints Pamela Taddei, Imelda Kantere, and Nick Martin as Class Representatives, and finds that they meet the requirements of Federal Rule of Civil Procedure 23(a)(4).

7.    The Court appoints Michael Hoffman of Hoffman Employment Lawyers, LLP and Gene Stonebarger, of Stonebarger Law, APC as co-counsel for the Class pursuant to Federal Rule of Civil Procedure 23(c)(1)(B), and finds that counsel meets the requirements of Federal Rule of Civil Procedure 23(a)(4) and 23(g).

8.    The Court appoints Rust Consulting, Inc. as Claims Administrator, and approves a payment thereto in the amount of $96,714.91.

9.    The Court finds that:

    a.  the above-described Class contains members so numerous that the joinder of all of them is impracticable;

    b.  here are questions of law or fact common to the above-described Class;

    c.  the claims of the Class Representatives are typical of the claims of the Class that Plaintiffs seeks to represent;

    d.  the Class Representatives and Class Counsel have fairly and adequately protected the interests of the above-described Class.

10.    The Court further finds that certification under Federal Rule of Civil Procedure 23(b)(3) is appropriate because:

3

    a.   questions of law or fact common to members of the Class, which are relevant for settlement purposes, predominate over the questions affecting only individual members; and

    b.   certification of the Class for settlement is superior to other available methods for the fair and efficient resolution of the controversies between the Class Members and WDS.

11.    199 putative class members, as listed in Exhibit A to the Supplemental Declaration of Amanda Myette, have timely requested exclusion from the Settlement Class and are hereby excluded.  One objection was filed with respect to the proposed Settlement and such objection is hereby overruled.

12.    The Parties and their counsel are ordered to implement and to consummate the Settlement according to its terms and provisions.

13.    The Notice and the notice methodology implemented pursuant to the Settlement constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the matters set forth therein to all persons entitled to receive notice, fully satisfied the requirements of due process and Federal Rule of Civil Procedure 23, and fully and satisfactorily advised potential Class Members of their rights to object to or to exclude themselves from the proposed Settlement.

14.    The Action is dismissed on the merits and with prejudice, without an award of fees, costs or expenses to any party except as provided in the Settlement, as approved herein.

15.    The terms of the Settlement and this Final Judgment are binding on Plaintiffs and all other Class Members, except those who timely and properly filed Exclusion Forms, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata*, collateral estoppel and all other preclusive effect in all pending and future claims, lawsuits or other proceedings, including all forms of alternative dispute resolution, maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in the Lawsuits or are otherwise encompassed by the Settlement.

[PROPOSED] FINAL ORDER AND JUDGMENT                  CASE NO. CV-09-05305 MMC

16.     Pursuant to Part V.A of the Settlement, Plaintiffs and all Settlement Class Members are deemed to have conclusively released all rights, claims, complaints or causes of action against WDS, its parents, predecessors, all affiliates, subsidiaries, officers, directors, agents, employees, and stockholders, arising out of, based upon or otherwise related to the Released Claims, and forever discharging WDS and the Releasees from all such rights, claims, complaints or causes of action.  Such release of claims is effective as of April 1, 2011.

17.     Plaintiffs and all Class Members and any person or entity acting on their behalf, except those who timely and properly filed Exclusion Forms, are permanently barred and enjoined from (i) filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, in any state or federal court, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, asserted in the Lawsuits or otherwise related to the Released Claims; and (ii) organizing such nonexcluded Class Members into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action.

18.     The Court grants an Enhancement Award of $30,000.00 to be divided evenly among Jacqueline Domnitz, Pamela Taddei, Imelda Kantere, and Nick Martin, for their time and effort in support of the Lawsuits.

19.     The Court grants Class Counsel's request for an award of Attorneys' Fees in the amount of $823,285.09, and Litigation Costs in the amount of $75,000.00.  Of this $898,285.09 total, the Court awards Stonebarger Law, APC attorneys' fees and costs in the amount of $58,854.02 and fees and costs of $839,431.07 to Hoffman Employment Lawyers, LLP.

20.     Without affecting the finality of the Final Judgment, the Court shall retain continuing jurisdiction over the Action, and the Parties and Settlement Class, and the administration and enforcement of the Settlement.  Any disputes or controversies arising with

5

1    respect to the enforcement or implementation of the Settlement shall be presented by motion to

2    the Court; provided however, that nothing in this paragraph shall restrict the ability of the

3    Parties to exercise their rights hereunder.

4            IT IS SO ORDERED.

5

6    Dated:  ___December 14_____, 2011

7                                                              _____
                                                              Maxine M. Chesney
                                                              United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

[PROPOSED] FINAL ORDER AND JUDGMENT                              CASE NO. CV-09-05305 MMC